IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JESSIE TRAYLOR**                                                                             **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO.: 3:21-cv-104-KHJ-MTP**

**UNITED STATES OF AMERICA**                                       **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon Plaintiff's "Motion to Stop Procedural Bar Alleged Failure to Prosecute and Comply with the Order of this Court" [20], Plaintiff's "Motion for Extension of Time to Receive Summons to Serve Process and Appoint Counsel If Necessary" [21], and *sua sponte* upon Plaintiff's failure to prosecute this matter and failure to comply with the Court's prior orders. Having considered the motions, the record, and the applicable law, the undersigned recommends that this matter be dismissed without prejudice and that the Motions [20] [21] be denied.

## BACKGROUND

On February 8, 2021, Plaintiff filed his Complaint [1] alleging violations of the Federal Tort Claims Act and requesting $4 million in damages because he contracted the COVID-19 virus while in federal custody. On April 5, 2021, the Court received Plaintiff's filing fee. On April 22, 2021, the Court sent Plaintiff a Memorandum [7] advising him that it is his responsibility to serve process on the Defendant. The Court also provided a copy of Federal Rule of Civil Procedure 4 which explains how service of process is to be completed. *See* Memorandum [7].

On May 3, 2021, Plaintiff filed a "Motion Ordering the Court to Have United States Marshal to Serve Summons" [9], requesting that the Court serve process for him. The Court

1

denied the Motion and again instructed Plaintiff that he is responsible for serving process in this matter. *See* Order [10]. On May 26, 2021, Plaintiff moved to proceed *in forma pauperis* asserting, again, that the Court should serve process for him. *See* Motion [13]. The Court denied the Motion as Plaintiff had already paid the filing fee. *See* Order [15].

On July 27, 2021, when the sole Defendant remained unserved after the 90 days permitted under Fed. R. Civ. P. 4(m), the Court directed Plaintiff to show cause why this case should not be dismissed or to file proof of service on or before August 11, 2021. *See* Show Cause Order [17]. On August 9, 2021, Plaintiff filed his Response [18], again claiming that he should not be required to serve process and that he should have been granted *in forma pauperis* status.[1] He did not file proof of service pursuant to Rule 4(l) as directed.

On September 2, 2021, the Court again directed Plaintiff to serve process on the Defendant and warned Plaintiff that his failure to do so on or before October 1, 2021, may result in the dismissal of this matter. *See* Order [19]. On September 15, 2021, Plaintiff filed a "Motion to Stop Procedural Bar Alleged Failure to Prosecute and Comply with the Order of this Court" [20] arguing that his case should not be dismissed as he has attempted to serve process on the Defendant by certified mail. On September 17, 2021, Plaintiff filed a "Motion for Extension of Time to Receive Summons to Serve Process and Apoint Counsel If Necessary" [21] requesting

---

[1] Plaintiff argues that because a Magistrate Judge in South Carolina granted him *in forma pauperis* status, that he should likewise be granted the same status in this action. *See Traylor v. Macklenberg F.C.I. Marianna et al*, 0:21-cv-798-BHH-PJG (D.S.C. filed on Mar. 19, 2021). The document that the other Magistrate Judge reviewed in order to make that decision is filed under seal and not available to the undersigned. Nothing in the record in the instant action indicates that Plaintiff would have been eligible to proceed in this matter *in forma pauperis* at any time since his Complaint [1] was filed. On October 29, 2021, the Magistrate Judge in the South Carolina action, found that Plaintiff had not sufficiently complied with the court's orders and advised Plaintiff that it is again his responsibility to serve process on the Defendants. All Defendants in the South Carolina action remain unserved as of the date of this Report and Recommendation (last viewed on November 29, 2021, at 11:13 a.m. CST).

he be granted *in forma pauperis status*, appointed counsel, or, alternatively, that he be given additional time to serve process on the Defendant. This matter is now ripe for review.

## ANALYSIS

Federal Rule of Civil Procedure 4 provides instructions on how to serve process in civil cases, including both how process must be served as well as the time in which service must be completed. The Court sent Plaintiff a copy of Rule 4 over six months ago. *See* Memorandum [7].

Plaintiff alleges that his claims arise under the Federal Tort Claims Act, and the sole Defendant in this matter is the United States of America. Federal Rule of Civil Procedure 4(i) establishes how to serve process on the United States of America. Serving process on the United States is relatively inexpensive and can be achieved by utilizing certified or registered mail. *See* Fed. R. Civ. P. 4(i)(1). Rule 4 commands that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m).

Plaintiff has been notified on multiple occasions that it is his duty to properly serve Defendant and that service of process under Rule 4 is required to be completed within 90 days after the complaint is filed. *See* Memorandum [7]; Order [10]; Order to Show Cause [17]; Order [19]; s*ee also* Fed. R. Civ. P. 4(c) (providing that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service").

Although Plaintiff's Complaint was filed on February 8, 2021, Plaintiff did not pay the filing fee until April 5, 2021. Weighing all doubts in Plaintiff's favor, the 90-day time limitation began to run on April 5, 2021, the date the filing fee was paid. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 799 (N.D. Tex. 2005); *Ellis v. Principi*, 223 F.R.D. 446, 447-48 (S.D. Miss. 2004).

Thus, Plaintiff had a duty to serve the Defendant on or before July 6, 2021.[2] The Court also gave Plaintiff multiple opportunities to serve process beyond the initial 90-day deadline outlined in the Federal Rules, and yet the only Defendant remains unserved in a case filed nearly ten months ago. *See* Order [17]; Order [19].

In his Motions [20] [21], Plaintiff asks the Court for more time to serve process on the Defendant, but after multiple extensions, more time is not warranted.[3] Plaintiff also requests for the Court to appoint him counsel, but he alleges no exceptional circumstances that would warrant the appointment of counsel in this civil matter.[4] *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Santana v. Chandler*, 961 F.2d 514, 515 (5th Cir. 1992). The Motions [20] [21] should be denied.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of

---

[2] The 90-day deadline fell on July 4, 2021, which was a Sunday. The Court celebrated the Independence Day holiday on July 5, 2021 this year, making the due date for service of process July 6, 2021.

[3] In his Motion [20], Plaintiff claims that he has served process on the Defendant by certified mail and attached the certified mail receipts. However, these receipts do not show that Defendant was properly served with a correctly executed summons and a copy of the Complaint as required by Rule 4(i). The "receipt" simply indicates that something was mailed. There is no "return receipt" or proof that a summons and complaint were served. This receipt is also not a proper response to the Court's Orders [17] [19] directing Plaintiff to serve process and file the appropriate server's affidavit.

[4] Also included in Motion [21] is a request for the Court to grant summary judgment against the Defendant. There is no proof that the Defendant has been properly served, and summary judgment is not warranted based on the record before the Court.

cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

Because Plaintiff has failed to serve process in compliance with Rule 4 despite multiple notices by the Court that such failure may result in a dismissal and has failed to demonstrate good cause to justify further delay, dismissal is also appropriate under Rule 4(m). *See Hearron v. Nichols*, 2006 WL 1791172, at *1 (S.D. Miss. June 5, 2006).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. The "Motion to Stop Procedural Bar Alleged Failure to Prosecute and Comply with the Order of this Court" [20] be DENIED.

2. The "Motion for Extension of Time to Receive Summons to Serve Process and Apoint Counsel If Necessary" [21] be DENIED.

3. That this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 29th day of November, 2021.

                                          s/Michael T. Parker
                                          UNITED STATES MAGISTRATE JUDGE