UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSIE TRAYLOR                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:21-CV-104-KHJ-MTP

UNITED STATES OF AMERICA                                              DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Michael T. Parker. [22]. The Report recommends that the Court deny Plaintiff Jessie Traylor's Motion to Stop Procedural Bar Alleged Failure to Prosecute and Comply with the Order of this Court [20] and Motion for Extension of Time to Receive Summons to Serve Process and Appoint Counsel if Necessary [21]. Written objections to the Report were due by December 13, 2021. The Report notified the parties that failure to file written objections to the findings and recommendations contained in it by that date would bar further appeal in accordance with 28 U.S.C. § 636. [22]. Traylor filed objections on December 13, 2021.

I.    Facts and Procedural History

On February 8, 2021, Traylor filed a Complaint alleging violations of the Federal Tort Claims Act and requested $4 million in damages because he contracted the COVID-19 virus while in federal custody. Pl.'s Compl. ¶¶ 1, 8. As of today,

Traylor has not served process properly on Defendant United States of America under Federal Rule of Civil Procedure 4, despite multiple notifications from the Court to do so. *See e.g.*, Pro Se Memo [7]; Order [10]; Order to Show Cause [17]; Order [19].

On September 15, 2021, Traylor filed a Motion to Stop Procedural Bar Alleged Failure to Prosecute and Comply with the Order of this Court [20], asserting that the Court should not dismiss his case because he tried to serve Defendant with process by certified mail. Two days later, Traylor filed a Motion for Extension of Time to Receive Summons to Serve Process and Appoint Counsel if Necessary [21], asking for *in forma pauperis* status, appointed counsel, and for more time to serve Defendant with process.

The Magistrate Judge recommended that the Court deny Traylor's motions [20] [21] because he did not properly serve Defendant. [22] at 5. The Magistrate Judge determined that after multiple extensions beyond the 90-day deadline, more time to serve Defendant was not warranted. *Id.* at 4. The Magistrate Judge further recommended that the Court deny Traylor's request for counsel for failure to allege exceptional circumstances calling for the appointment of counsel. *Id.* Accordingly, the Magistrate Judge concluded that Traylor's motions should be denied for failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b). *Id.* In addition, the Magistrate Judge also concluded that because Traylor did not serve process in compliance with Rule 4 despite multiple notices and failed to demonstrate good cause to justify further delay, dismissal was appropriate under

Rule 4(m). *Id.* at 5. The Magistrate Judge therefore recommended that the Court deny Traylor's motions and dismiss the case without prejudice. *Id.*

II. Standard

The Court reviews de novo the parts of the Magistrate's Report to which Traylor objects, 28 U.S.C. § 636(b)(1), while the remaining parts are subject to a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. 1982)). The Court need not consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles*, 677 F.2d at 410 n.8). Further, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

III. Analysis

Traylor raises five objections to the Report. First, Traylor objects to the Magistrate Judge's denial of his motion [20], arguing that he has complied with or tried to comply with the Court's instruction. Pl.'s Objections [23] at 2. Specifically, Traylor argues that he has properly served Defendant by mailing a copy of the summons and Complaint by certified mail as Rule 4(i) allows. *Id.* Traylor attached certified mail receipts to his motion. *See* [20-1].

3

The sole defendant here is the United States of America. Federal Rule of Civil Procedure 4(i) establishes how to serve process on the United States of America. *See* Fed. R. Civ. P. 4(i). A plaintiff can serve process by certified mail or registered mail. *See* Fed. R. Civ. P. 4(i)(l). Further, Rule 4(m) imposes a 90-day deadline in which a plaintiff must serve process after the complaint is filed. *See* Fed. R. Civ. P. 4(m).

The certified receipts do not show that the United States was properly served with a copy of the summons and Complaint as Rule 4(i) requires, but rather the receipts only show that something was mailed. [22] at 4. There is no "return receipt" or proof that the United States was served with process. The receipts also do not show Traylor complied with previous Orders [17] [19] directing him to serve process and file a server's affidavit. The Court therefore adopts this finding from the Report.

Second, Traylor objects to the Magistrate Judge's recommended denial of his motion [21], arguing that other circuits have allowed a plaintiff to make a second attempt to serve process on a defendant if the defendant does not return a notice of acknowledgment and asks the Court to allow him to resend the summons and Complaint. [23] at 3. Traylor cites a case implicating Fed. R. Civ. P. 4(c)(2)(C)(ii)[1] to support his objection, however, that rule involves service by first class mail – not certified mail. Because Traylor has been given multiple opportunities to serve

---

[1] In pertinent part, Rule 4(c)(2)(C)(ii) provides that a summons and complaint may be served on a certain defendant "by mailing a copy of the summons and of the complaint (by first class mail, postage prepaid) to the person to be served." Fed. R. Civ. P. 4(c)(2)(C)(ii).

4

process beyond the 90-day deadline, further time is not warranted to effect service. So, this part of the Report is adopted.

Third, Traylor objects to the Magistrate Judge's recommendation to dismiss his case without prejudice, asserting that the Court has broad discretion to either dismiss Traylor's Complaint for failure to effect service or "to simply quash service of process." [23] at 4. Dismissal of a complaint, according to Traylor, is "inappropriate when there exist[s] a reasonable prospect that service may yet be obtained." *Id*. Traylor is correct that the Court can dismiss the action without prejudice for failure to effect service of process, however, nowhere in the rules is the Court allowed to "simply quash service of process." When a plaintiff fails to serve a defendant within the 90-day period, Rule 4(m) permits the Court to either "dismiss the case without prejudice . . .or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m). And if a plaintiff shows good cause, the Court must allow more time to serve. *Id*. Here, the record shows that the Magistrate Judge has extended the 90-day period multiple times and the United States still is unserved. *See* [17; [19]. Traylor has also failed to show any cause for his failure to serve process. The Court agrees with the Magistrate Judge's recommendation to dismiss the case without prejudice and adopts this part of the Report.

Fourth, Traylor objects to the denial to proceed *in forma pauperis*. [23] at 5. But the Magistrate Judge already determined in an earlier Order [15] that because Traylor paid the filing fee before moving to proceed *in forma pauperis*, the motion was moot. The Court agrees with this ruling and overrules the objection.

5

Traylor's last objection states, "I make objections to starting my case as an out custody inmate and just because of retaliation for filing this case [I] am now inside of a federal correctional institution." [23] at 5. The Court construes Traylor's last objection to mean that he was moved from an "outside" unit to an "inside" unit while in custody in retaliation for suing. [23] at 5. But "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district court." *Finley*, 243 F.3d at 219 n.3 (citing *Armstrong*, 951 F.2d at 630. The Court therefore overrules this objection.

IV.   Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [22] of United States Magistrate Michael T. Parker, entered in this cause should be, and the same is, adopted as the finding of this Court. A separate Final Judgment will issue this day.

SO ORDERED, this the 15th day of December, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
