UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSIE TRAYLOR                                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:21-CV-104-KHJ-MTP

UNITED STATES OF AMERICA                                                        DEFENDANT

ORDER

Before the Court is Plaintiff Jessie Traylor's [28] Motion to Alter the Judgment and [29] Motion to Appeal the Judgment. The Court denies the motions for the following reasons.

On February 8, 2021, Traylor filed a Complaint against the United States of America, alleging violations of the Federal Tort Claims Act and requesting $4 million in damages because he contracted COVID-19 while in federal custody. Compl. ¶¶ 1, 8. Magistrate Judge Michael T. Parker issued a Report and Recommendation recommending the Court to dismiss the case without prejudice. [22]. Traylor timely filed objections to the Report. [23].

The Court, after full review of the Report and Recommendation, Traylor's objections, and the applicable law, dismissed Traylor's case without prejudice on December 15, 2021. Order [25]; Final Judgment [26]. Nearly a year later, Traylor filed a "Motion for Status of Case," believing his case was still open. *See* [27]. The Court found the motion moot and mailed a copy of the Order and Final Judgment to Traylor's address of record. Text Order, January 6, 2023. Traylor now moves to alter the judgment or, alternatively, to appeal it.

A party may move to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) within 28 days after the entry of judgment. "A motion to alter or amend [a] judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence," and a plaintiff cannot use Rule 59(e) to raise new arguments he should have made before the Court entered the judgment. *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) (citation omitted). "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Notably, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

To the extent that it seeks to alter or amend the judgment, Traylor's motion is both procedurally and substantively defective. First, it is untimely. The Court entered its Final Judgment on December 15, 2021. [26]. Traylor filed this motion on January 27, 2023, over a year after the Court entered that judgment.

As to substance, Traylor's motion is one paragraph. He asserts he did not know until January 2023 that his case was dismissed, he made written objections to the Magistrate Judge's Report and Recommendation before the due date, and the Government never sent him a Notice of Dismissal. [28]. Traylor is correct that he timely filed his objections, and the Court considered them when it adopted the Report and Recommendation. *See* [25]. The Court properly mailed the Order and Final Judgment to Traylor at his address of record and mailed them again when he

filed his "Motion for Status of Case." Traylor provides no meritorious basis to amend or alter the judgment under Rule 59(e). Accordingly, the Court declines to alter or amend the judgment.

To the extent that Traylor seeks to appeal the judgment, he must do so by filing a notice of appeal under Federal Rule of Appellate Procedure 4. *See United States v. Conner*, 907 F.3d 316, 317 (5th Cir. 2018). The notice of appeal must be filed within 30 days of the entry of judgment, or 60 days if the United States is a party. *Id.* Accordingly, his time to do so has passed. The Court denies his motion on that relief as well.

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Plaintiff Jessie Traylor's [28] Motion to Alter the Judgment and [29] Motion to Appeal the Judgment.

SO ORDERED, this the 31st day of January, 2023.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE